Liu v. Holder

BIA
Vomacka, IJ
A087 755 124

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

XING QI LIU,
> *Petitioner,*

v.                                             13-294
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Stephen J. Flynn, Assistant
                         Director; Arthur L. Rabin, Attorney,
                         Office of Immigration Litigation,
                         U.S. Department of Justice,
                         Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Qi Liu, a native and citizen of the People's Republic of China, seeks review of a December 14, 2012, decision of the BIA, affirming the July 21, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Qi Liu*, No. A087 755 124 (B.I.A. Dec. 14, 2012), *aff'g* No. A087 755 124 (Immig. Ct. N.Y. City July 21, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the

plausibility of his account, and inconsistencies in his statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Liu was not credible.

The agency reasonably relied on Liu's demeanor, noting that his testimony was hesitant at times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the hearing transcript, and further bolstered by specific examples of contradictory statements. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the agency reasonably found inconsistencies in the record related to when Liu began attending his current church and whether he has ever had a passport, held a job in the United States, or lived in upstate New York. Liu's explanations for many of these inconsistencies were themselves inconsistent. *See Majidi*, 430 F.3d at 80.

3

The agency also reasonably questioned Liu's credibility based on his inability to define "prayer." Liu claimed to have begun practicing Christianity five years prior to his hearing and had testified on direct that he "pray[ed]" in church in China. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (providing that the agency may err in basing a credibility finding on an applicant's lack of doctrinal knowledge, but recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding."). Similarly, the agency did not err in questioning his assertion that he had not been baptized because he only recently had discovered his church's requirements for baptism, given his testimony that he had known of the importance of being baptized even while in China and that he was in regular attendance at his church. *See id.*

Having questioned Liu's credibility, the agency reasonably relied further on his failure to provide independent corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Accordingly, the agency's adverse credibility determination is supported by substantial evidence, and was dispositive of Liu's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5